# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

No. 08-30638
Summary Calendar

Charles R. Fulbruge III
Clerk

DAVID LEE HILL

Plaintiff-Appellant

v.

DAMON D KERVIN; SERRAH GIDDENS; LINDA RAMSEY

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-272

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Lee Hill, Louisiana prisoner # 100085, has moved for leave to appeal in forma pauperis (IFP) from the district court's dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous under 28 U.S.C. § 1915(e). The district court denied Hill IFP status on appeal and certified that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3). Hill filed a notice of appeal, but we remanded the case for consideration of his motion under FED. R. CIV. P. 59(e). Hill was released

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from state custody in May 2009. In July 2009, the district court denied the Rule 59 motion, and the notice of appeal took effect.

By moving for leave to proceed IFP, Hill challenged the district court's certification that the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his IFP motion, Hill does not address the reasons for the district court's certification but rather seeks only to incorporate by reference his district court arguments. We require arguments to be made in the body of a brief and do not permit incorporation of prior pleadings by reference, even in the case of pro se litigants. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Hill has therefore abandoned his challenge to the district court's certification. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Furthermore, our review of the merits of Hill's claims reveals that they lack any legal or factual basis.

Hill's motion to proceed IFP is denied and his appeal is dismissed as frivolous. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. All other motions, including motions to supplement or amend the pleadings, are also denied.

IFP DENIED; APPEAL DISMISSED; ALL OTHER MOTIONS DENIED

2